# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LORENZO ANALCO ARELLANO,<br><br>Plaintiff,<br>v.<br><br>R&J SUPERMARKET CORP. *d/b/a* LA ROCA SUPERMARKET and JOSE NOLASCO,<br><br>Defendants. | Civil Action No.<br><br>19-818 (SDW) (LDW)<br><br>**REPORT & RECOMMENDATION** |

## LEDA DUNN WETTRE, United States Magistrate Judge

This matter having been opened by the Court *sua sponte* based on plaintiff Lorenzo Analco Arellano's failure to comply with this Court's Order to appear in person for a settlement conference, and plaintiff having failed to comply with the Court's September 11, 2019 Order to Show Cause (ECF No. 16), it is respectfully recommended that plaintiff's complaint be stricken and that this action be dismissed without prejudice.

## BACKGROUND

Plaintiff commenced this action through counsel on January 21, 2019. In his collective action complaint, plaintiff alleges that he worked as a non-exempt employee at defendant La Roca Supermarket in Union City, NJ from July 2008 through February 2018, and that defendants failed to pay minimum wage and overtime in violation of the Fair Labor Standards Act and the New Jersey Wage and Hour Law. (ECF No. 1). Counsel for the parties appeared for an initial scheduling conference on April 3, 2019, and the Court entered a pretrial scheduling order setting discovery deadlines. (ECF No. 11). In a June 6, 2019 telephonic status conference, defendants took the position that plaintiff had received and cashed a paycheck that rendered his claims moot.

Plaintiff's counsel requested, and was granted, time to investigate this assertion. The Court conducted another telephone conference with counsel on June 25, 2019 to follow up with the parties about whether the case had settled or been rendered moot. However, plaintiff's counsel informed the Court that he had been unable to reach or communicate with his client and could not confirm the status of plaintiff's claims. The Court then entered an Order scheduling an in-person settlement conference for September 11, 2019. (ECF No. 14). The Court's Order specifically provided that "[c]lients with full settlement authority should be physically present." (*Id.*).

Plaintiff did not appear at the settlement conference as directed. Accordingly, the Court issued an Order directing plaintiff to appear in person on October 4, 2019 to show cause why the Court should not recommend dismissal of this action. (ECF No. 16). Plaintiff's counsel appeared in person at the show cause hearing. He confirmed that he attempted to communicate the Court's instruction to appear to plaintiff. However, plaintiff did not appear at the show cause hearing, nor did he contact the Court or his counsel to request an adjournment or explain his absence.

## ANALYSIS

The Federal Rules of Civil Procedure authorize the Court to impose sanctions, including dismissal, if a party "fails to failure to appear at a scheduling or pretrial conference," "fails to obey a scheduling or other pretrial order," or fails to prosecute a case. Fed. R. Civ. P. 16(f)(1)(A), 16(f)(1)(C); *see also* Fed. R. Civ. P. 37(b)(2), 41(b).

In *Poulis v. State Farm Fire and Casualty Company*, the Third Circuit identified six factors that courts should balance when deciding whether to sanction a party by curtailing the right to proceed with or defend against a claim. 747 F.2d 863, 868 (3d Cir. 1984). The *Poulis* factors are:

> (1) [t]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which

> entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (emphasis omitted); *see also Hogan v. Raymond Corp.*, 536 F. App'x 207, 212 & n.5 (3d Cir. 2013) (per curiam); *Knoll v. City of Allentown*, 707 F.3d 406, 409 n.2 (3d Cir. 2013). No single *Poulis* factor is determinative, and dismissal may be appropriate even if some of the factors are not met. *See Hogan*, 536 F. App'x at 212; *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "If a Court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b)." *C-Pod Inmates of Middlesex Cty. Adult Corr. Ctr. v. Middlesex Cty.*, Civ. A. No. 15-7920, 2018 WL 4006809, at *4 (D.N.J. July 31, 2018) (citing *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007)). The Court concludes that the *Poulis* factors, addressed below, weigh in favor of dismissal.

**1. Plaintiff's Personal Responsibility.** In this case, it appears that plaintiff alone is responsible for his failure to comply with this Court's Orders to appear for the settlement conference and show cause hearing. Counsel confirmed that he notified plaintiff of these Court appearances but plaintiff did not respond. Plaintiff's failure to comply demonstrates a willful decision to disregard the Court's Orders.

**2. Prejudice to Defendants.** Plaintiff's refusal to participate in this case and to comply with this Court's Orders has prejudiced defendants by forcing them to continue defending a matter that has potentially already been resolved against an absentee plaintiff who appears to have no interest in pursuing his own claims.

**3. History of Dilatoriness.** Plaintiff repeatedly has failed to appear or otherwise respond to the Court's Orders, and thus has demonstrated a history of dilatoriness. Other than filing a Complaint, plaintiff has done nothing to pursue this action.

**4. Willfulness or Bad Faith.** Having no information about the reasons for plaintiff's

3

unresponsiveness, the Court cannot assess the willfulness of plaintiff's conduct or conclude whether it was undertaken in bad faith. The circumstances taken as a whole, however, suggest that plaintiff has abandoned this matter.

**5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous opportunities to appear or provide a position to the Court, and despite this Court's warning of the consequences of continued inaction, plaintiff has failed to respond to Court Orders and prosecute this case. The Court has been unable to move this action forward. On these facts, no lesser sanction would be effective.

**6. Meritoriousness of the Claims.** Given that plaintiff became unresponsive at a very preliminary stage of this action, the Court is unable to determine the potential merit of plaintiff's claims. The Court, therefore, declines to consider this factor in its recommendation.

In sum, plaintiff has ignored multiple Court Orders, including an Order to Show Cause why this case should not be dismissed, which demonstrates a pattern of non-compliance and dilatoriness. It appears that plaintiff has elected to abandon the case he initiated. On balance, the *Poulis* factors weigh in favor of recommending dismissal of this action without prejudice.

## CONCLUSION

For the reasons stated above, this Court respectfully recommends that Plaintiff's Complaint be stricken and the matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 16(f). The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Federal Rule of Civil Procedure 72(b)(2).

Dated: October 7, 2019

Hon. Leda Dunn Wettre
United States Magistrate Judge